FILED
2009 Jun-15 AM 09:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTOPHER GERALD LONG,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:09-CV-4-VEH |
| | ) |
| **CITY OF BESSEMER,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

**I.     INTRODUCTION**

Before the Court is the Defendant's Motion for Summary Judgment (Doc. 6), filed on April 14, 2009. Because the Court finds that the Plaintiff signed a general release that absolved the Defendant of any liability in connection with the termination of his employment, the Defendant's motion is due to be **GRANTED**.

**II.    FACTUAL AND PROCEDURAL HISTORY**[1]

Plaintiff Christopher Gerald Long ("Long"), proceeding *pro se*, filed his

---

[1] These are the facts for summary judgment purposes only. They may not be the actual facts. *See Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 1994) ("'[W]hat we state as 'facts' in this opinion for purposes of reviewing the rulings on the summary judgment motion [ ] may not be the actual facts.'") (citation omitted).

Complaint (Doc. 1) on January 5, 2009.  In his Complaint, which utilizes the General Complaint Form for Pro Se Litigants provided by this Court, Plaintiff alleged that he was in an altercation at work with another employee and that he was discharged as a result of his fight.  (*Id.*)  For his relief, Long requested lost wages from the Defendant as well as the costs of bringing this case.  (*Id.*)

Defendant City of Bessemer ("Bessemer") filed a Motion to Dismiss (Doc. 6), alleging that Long failed to state a claim upon which relief could be granted and that Long had earlier released all claims against Bessemer.  Since Bessemer's motion referred to materials outside of the pleadings, the Court converted the motion to a motion for summary judgment (Doc. 8) and issued a Notice and Scheduling Order (Doc. 11) explaining to Long that his response was required and reminding him of the consequences of failure to oppose Bessemer's motion.  (*Id.* at 2.)

Bessemer's brief in support of its motion (Doc. 9) explains that Long was employed by the City of Bessemer as a truck driver.  (*Id.* at ¶ 6.)  Long was terminated for his involvement in a fight with his supervisor and he did not appeal his termination to the Personnel Board of Jefferson County. (*Id.* at ¶¶ 7-8.) On April 18, 2005, Long filed a Charge of Discrimination with the EEOC, alleging disability discrimination and retaliation.  (*Id.* at ¶ 9.)  Specifically, Long claimed that he suffered an adverse employment action through his discharge after the altercation.

2

(Doc. 10, Ex. A to Ex. 1.)  After mediation, the parties entered into a "mediation settlement agreement," whereby Long agreed to release all claims arising from the facts alleged in the EEOC Charge.  (Doc. 9 at ¶ 12.)  Long consulted with legal counsel during the mediation and negotiation of the settlement agreement. (Doc. 10, Ex. 1 at ¶ 4.)  Long also signed a separate confidentiality agreement that provided a general release of "any and all claims arising from the facts alleged in or related to those contained in the EEOC charge . . . [or] in the form prepared by Respondent's attorney."  (Doc. 10, Ex. C to Ex. 1.)

Plaintiff failed to file a response to the Defendant's motion and, consequently, the Court takes this motion under submission without the aid of hearing from the Plaintiff.

**III.   STANDARD OF REVIEW**

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000).

The party moving for summary judgment always bears the initial responsibility

of informing the court of the basis for its motion, and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, Rule 56(c) requires the nonmoving party to go beyond the pleadings and, by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *Chapman*, 229 F.3d at 1023; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *Chapman*, 229 F.3d at 1023; *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Chapman*, 229 F.3d at 1023.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. *See Fitzpatrick*, 2 F.3d at 1115-17 (citing *U.S. v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir. 1991)(*en banc*)). If the moving party bears the burden of proof at trial, then it can meet its burden on summary judgment only by presenting positive evidence that demonstrates the absence of a genuine issue of

material fact; i.e., facts that would entitle it to a directed verdict if not controverted at trial. *Fitzpatrick*, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the nonmoving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the nonmoving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the nonmoving party must respond with positive evidence sufficient to resist a motion for a directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of any evidence in the record in support of a judgment for the nonmoving party on the issue in question. This method requires more than a simple statement that the nonmoving party cannot meet its burden at trial but does not require evidence negating the nonmovant's claim; it simply requires the movant to point out to the court that there is an absence of evidence to support the nonmoving party's case. *Fitzpatrick*, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the nonmoving party may either point to evidence in the

court record, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the nonmoving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the nonmovant can no longer rest on mere allegations, but must set forth evidence of specific facts. *Lewis v. Casey*, 518 U.S. 343 (1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

## IV.   ANALYSIS

Defendant first argues that Plaintiff's claim is barred because he released the Defendant from any liability in connection with his termination. (Doc. 9 at 4.) As discussed in greater detail below, this issue completely resolves this case and establishes that Defendant is entitled prevail on its motion.

The Eleventh Circuit succinctly stated the relevant standards for determining the validity of a release in an employment discrimination case in *Freeman v. Motor Convoy, Inc.*:

> A waiver of remedial rights must be closely scrutinized. *Watkins v. Scott Paper Co.*, 530 F.2d 1159, 1172-73 (5th Cir.1976). In evaluating the validity of such a waiver, the court must determine whether the employee's consent to the settlement agreement was knowing and voluntary. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 52 & n. 15, 94 S.Ct. 1011, 1021, 39 L.Ed.2d 147, 160 (1974); *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir.1981); *United States*

> *v. Trucking Employers Inc.*, 561 F.2d 313, 318 (D.C. Cir. 1977). The court should beware of any evidence of fraud or coercion. *Fulgence v. J. Ray McDermott & Co., supra* at 1209. Contrarily, if an employee voluntarily releases his employer from liability with a full understanding of the terms of the settlement agreement, he is bound by the terms of the agreement. *Lyles v. Commercial Lovelace Motor Freight, Inc.*, 684 F.2d 501, 504 (7th Cir.1982); *Fulgence v. J. Ray McDermott & Co.*, supra at 1209; *Watkins v. Scott Paper Co.*, supra at 1172 n. 19.

700 F.2d 1339, 1354 (11th Cir. 1983). The Court's review of the record establishes that Long's release was knowing and voluntary. The terms of the agreement are brief and stated in a clear manner. The agreement also concerned the conduct currently at issue in Long's Complaint–his discharge from employment with the Defendant. Further, Long had the assistance of an attorney during the entire settlement process and therefore, under the Eleventh Circuit's decision in *Myricks v. Federal Reserve Bank of Atlanta*, 480 F.3d 1035, 1041 (11th Cir. 2007), the release is presumptively enforceable. Long has provided no basis for the Court to rebut that presumption. Consequently, Bessemer is entitled to summary judgment and, because the resolution of this argument resolves the case, the Court declines to address the Defendant's remaining arguments.

**V.   CONCLUSION**

Because the Plaintiff signed a general release that absolved the Defendant of any liability relating to his discharge from employment with the Defendant, summary

judgment is due to be **GRANTED** in favor of the Defendant City of Bessemer.  A separate Order will be entered.

    **DONE** and **ORDERED** this the 15th day of June, 2009.

                                                         **VIRGINIA EMERSON HOPKINS**
                                                         United States District Judge